UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUNEEFA ABDULLAH,

       Plaintiff,

vs.

THE WALT DISNEY COMPANY,
a Delaware Corporation;
DISNEY ENTERPRISES, INC.,
a Delaware corporation;
WALT DISNEY PICTURES,
a California corporation;
WALT DISNEY MOTION PICTURES GROUP, INC.,
a California corporation; and
JENNIFER LEE,

Jointly and severally liable

       Defendants.

Case No:

Hon:

---

**Advanta Law, PLC**
By: Steven D. Richter (P64117)
By: Mohamed J. Zaher (P52020)
*Attorneys for Plaintiff*
24300 Southfield, Rd., Suite 210
Southfield, MI 48075
(248) 281-6299
zaherlaw@yahoo.com

---

# COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DECLARATORY RELIEF

Plaintiff, Muneefa Abdullah, by and through her attorneys, ***Advanta Law, PLC***, hereby alleges the following claims for relief in her complaint against Defendants:

### *STATEMENT OF JURISDICTION AND VENUE*

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has original subject matter jurisdiction over this action and the claims asserted herein, pursuant to 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. Defendants are subject to personal jurisdiction of the Court because they reside, have agents, do or transact business, or are otherwise found, and have purposefully availed themselves of the privilege of doing business in Michigan and this District.

4. Venue is proper in this District pursuant to 28 USC§1400(a) because Defendants have a regular and established place of business in this District and may be found in this District.

5. Venue is also proper in this District pursuant to 28USC § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District and a substantial part of the property that is the subject of this action is situated in this District. Alternatively, venue is also proper in this District pursuant to 28 USC §139(b)(3) because there are regular and established places of business that may be found in this District.

## *PARTIES*

6. At all times material hereto, Plaintiff has been residing in Kuwait. Plaintiff is the author and owner of the exclusive copyright to the book *New Fairy Tales*, with a Certificate of Registration number of: PA 1-860-757. *New Fairy Tales* is a compilation of three children's stories, one of which is *The Snow Princess*.

7. Plaintiff is informed and believes and thereon alleges that defendant Jennifer Lee is an individual living in California, and is duly authorized to do and doing business in this

District. Plaintiff is informed and believes and thereon alleges that defendant Jennifer Lee was the screenwriter and co-producer of the film, *FROZEN*.

8. Plaintiff is informed and believes and thereon alleges that defendant The Walt Disney Company is a Delaware corporation with it principal place of business at 500 South Buena Vista Street, Burbank, California 91521, duly authorized to do and doing business in this District. At all times material hereto, The Walt Disney Company has been engaged in the business of, among other things, developing, producing, and distributing animated feature films. Plaintiff is informed and believes and thereon alleges that defendant The Walt Disney Company produced and released the movie entitled *FROZEN* and produced and released the Frozen teaser trailer and other trailers for *FROZEN*, all of which infringe upon Plaintiff's copyright in *New Fairy Tales*.

9. Plaintiff is informed and believes and thereon alleges that defendant Walt Disney Pictures is a California corporation with its principal place of business at 500 South Buena Vista Street, Burbank, California 91521, duly authorized to do and doing business in this District. Plaintiff is informed and believes and thereon alleges that defendant Walt Disney Pictures produced and released the movie entitled *FROZEN* and produced and released the Frozen teaser trailer and other trailers for *FROZEN*, all of which infringe upon Plaintiff's copyright in *New Fairy Tales*.

10. Plaintiff is informed and believes and thereon alleges that defendant Walt Disney Motion Pictures Group, Inc. is a California corporation with its principal place of business at 500 Buena Vista Street, Burbank, California, 91521, duly authorized to do and doing business in this District. At all times material hereto, Walt Disney Motion Pictures Group, Inc. has been engaged in the business of, among other things, developing, producing, and

distributing animated feature films. Plaintiff is informed and believes and thereon alleges that defendant Walt Disney Motion Pictures Group, Inc. produced and released the movie entitled *FROZEN* and produced and released the Frozen teaser trailer and other trailers for *FROZEN*, all of which infringe upon Plaintiff's copyright in *New Fairy Tales*.

11. Plaintiff is informed and believes and thereon alleges that Defendant Disney Enterprises, Inc. is a California corporation with its principal place of business at 500 Buena Vista Street, Burbank, California, 91521, duly authorized to do and doing business in this District. At all times material hereto, Disney Enterprises, Inc. has been engaged in the business of, among other things, developing, producing, and distributing animated feature films. Plaintiff is informed and believes and thereon alleges that Defendant Disney Enterprises, Inc. produced and released the movie entitled *FROZEN* and produced and released the Frozen teaser trailer and other trailers for *FROZEN*, all of which infringe upon Plaintiff's copyright in *New Fairy Tales*.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff has never licensed or otherwise authorized Defendants to copy, distribute, or publicly disseminate *New Fairy Tales* or *The Snow Princess*, or make derivative works based upon them.

13. Plaintiff has complied in all respects with the Copyright Act of 1976 and all other laws governing copyright, and continues to be the sole proprietor of all right, title, and interest in and to the copyright. Publication of Plaintiff's copyright was made with notice and in strict and full compliance with the Copyright Act of 1976.

14. *New Fairy Tales* contains a substantial amount of material created by Plaintiff's own skill, labor, and judgment, and is copyrightable subject matter under the laws of the United States.

15. *FROZEN* was widely released in movie theaters across the United States and internationally on November 27, 2013, including in public theaters in the State of Michigan. Upon information and belief, Plaintiff alleges that Defendants began production of *FROZEN* in or around 2011-2012.

16. The *FROZEN* teaser trailer was published on the Internet on or around June 18, 2013[1], and it is believed to have appeared in movie theaters around the same time.

17. A sing-along version of *FROZEN* was released in theaters in the United States on January 31, 2014. *FROZEN* continues to be widely disseminated and available for viewing.

18. On or about March 12, 2015, during its Annual Shareholder Meeting, Disney announced, "*FROZEN 2* is in development at Walt Disney Animation Studios[2]." No official date of release was announced, but Walt Disney Animation Studios did state that Jennifer Lee would be working as a co-director on *FROZEN 2*.

19. There are numerous other works and/or consumer products that are being marketed as derivative of *FROZEN* and sold for Defendants' benefit, including but not limited to Frozen Little Golden Book (Disney Frozen) and Frozen Fever.

**I. Substantial Similarities**

20. Plaintiff alleges that the key plot elements, characters, themes, events, setting, mood, pace, and dialogue in *FROZEN* demonstrate substantial similarities to *The Snow*

---

[1] *http:// www.youtube.com/watch?v=-WdC4DaYIeQ,*
[2] http://blogs.disney.com/oh-my-disney/2015/03/12/frozen-2-is-officially-announced-and-we-are-crying-icy-tears-of-joy/.

*Princess*, and that such similarities are of a sort that indicate copying rather than independent creation, or coincidence.

21. *The Snow Princess* is about a princess who possesses magical ice powers that give her the ability to turn people and objects into ice. As a child, the Snow Princess inadvertently caused the awakening of an evil dangerous witch through the use of her magical ice powers, and this caused the Snow Princess to go into hiding. In an effort to remain hidden from the public eye, the Snow Princess only surfaced at night. Similarly, *FROZEN's* main character, Princess Elsa, also has the magical ability to turn people and objects into ice. When Elsa was still a child, her magical ice powers caused her to accidentally injure her sister, Anna, and as a result, Elsa decided to isolate herself in order to avoid hurting others with her ice powers.

22. The Snow Princess eventually reunited with her brother, Prince John, at a Royal Ball. She had not seen John ever since the night that she awakened the dormant witch. Similarly, in *FROZEN*, Princess Elsa spent years in isolation from others, including her sister Anna, but the two sisters reunited on the day of Elsa's coronation ceremony. In both stories, shortly after the siblings reunited as adults, the sibling with the magical ice powers issues a warning to the other sibling that, unless they leave and remain at distance, they would be at great risk of being harmed. In general, both princesses battle an internal struggle due to their fear of not being accepted for who they really are.

23. Shortly after running into Prince John, the Snow Princess warned him that he should leave due to some sort of imminent and impending danger that he would face if he stayed. Prince John, however, refused to leave his sister's side. *FROZEN* depicts Princess Elsa warning Princess Anna that she must leave the ice castle due to the danger that Anna

may face. The feared harm in both stories stems from the magical ice powers that are possessed by each princess. Just as Prince John refused to leave his sister's side, despite her warnings, Princess Anna ignores the warnings and also stays.

24. In *The Snow Princess*, soon after the siblings were reunited at the Ball, the music suddenly stopped, and the Kingdom began to shake and the wind blew heavily. The Snow Princess leaves the ball, and those that remained began to shiver and feel cold before suddenly turning into ice. In *FROZEN*, shortly after Elsa and Anna reunited as adults, the two attended Elsa's coronation ceremony at their Kingdom, which was attended by most, if not all, of the town's people. The party was then by the resurfacing of Princess Elsa's magical ice powers, which lead to a series of rumbles and shakes just as the kingdom began turning into ice. In response to the ice and snow, those present at the party began shivering and feeling cold. At that point in *FROZEN*, Elsa became fearful and upset as she decided to quickly leave the Kingdom.

25. In *The Snow Princess*, after the Snow Princess left the ball, Prince John and Prince Adrian decided to embark on a difficult journey up the mountains in search of John's sister, the Snow Princess. They arrived at the mountaintop and discovered an icy castle that was guarded by snow soldiers. Once they defeated the snow guards and entered the castle, Prince John and Prince Adrian entered the castle and found that the Snow Princess had been frozen into a block of ice.

26. In *FROZEN*, Anna also decided to go through a difficult journey up the mountains in search of her sister Elsa after she left the party. Anna finally reached the top of the mountain where she discovered an icy castle that was guarded by snow guards. Anna eventually gained entry into the icy castle, and discovered that her sister was inside.

27. In *The Snow Princess*, Prince Adrian and Prince John, acting on the advice of a talking dove, spoke to the Snow Princess about "good memories" and "beautiful things" in hopes of melting the ice around her body. After the Snow Princess was freed from the block of ice, the evil witch attempted to kill prince Adrian with a sword, but the Snow Princess was stabbed instead as she intervened in an attempt to save the Prince. The Princess's selfless act of risking her life to save Prince Adrian was an act of love that was capable of thawing the Princess's body and defeating the evil witch. The book clearly states that the witch was defeated by love.

28. In *FROZEN*, Elsa accidentally struck Anna with her magical ice powers after Anna refused to leave the icy castle on the mountaintop. This caused Anna to gradually turn into ice. Based on the advice of a troll, Anna knew that "only an act of true love" would cure her from completely transforming into ice. The troll's advice is almost exactly identical to the advice that was given by the talking dove in *The Snow Princess*. Towards the end of the movie, Anna saved Elsa's life by intervening as the evil prince attempted to strike Elsa with a sword. After saving Elsa's life, Anna's body completely turned into ice, but thawed shortly after as Elsa hugged Anna's icy body and began to cry out of love for her sister.

29. As discussed above, *The Snow Princess* and *FROZEN* each involve, without limitation, the following: a princess possessing magical ice powers, a kingdom made of ice and surrounded by mountains, a sibling in search and rescue of the sibling possessing the magical ice powers, a journey up the mountain, snowy guards guarding an icy castle on the mountaintop, the idea that only love is capable of defeating evil, and the selfless sacrifice of oneself for the purpose of saving another from being struck by a sword.

## *COUNT I-DIRECT COPYRIGHT INFRINGMENT*

30. Plaintiff incorporates by reference paragraphs 1 through 29, and re-alleges them here as though fully set forth herein.

31. *New Fairy Tales* is an original work of authorship fixed in a tangible means of expression that constitutes a literary work pursuant to 17 U.S.C § 102(a) and that is subject to copyright protection under the Copyright Act, 17 U.S.C. §§ 101 et seq.

32. Plaintiff's exclusive rights to *New Fairy Tales* extend to each protectable component of *New Fairy Tales,* including the right to create derivative works.

33. Plaintiff has the right and standing to enforce her exclusive rights to *New Fairy Tales* and its copyrightable component parts.

34. At all times material hereto, Plaintiff has duly complied with all of the provisions of the copyright laws of the United States applicable to *New Fairy Tales*.

35. Without the consent of Plaintiff and in complete disregard of Plaintiff's rights, defendants infringed and continue to infringe Plaintiff's copyrights within this judicial district and elsewhere in the United States by producing and releasing the movie *FROZEN*.

36. Defendants had access to *New Fairy Tales* and *The Snow Princess*. *New Fairy Tales* was printed in 2007 through Trafford Publishing. Trafford Publishing was part of various corporate mergers and acquisitions that lasted from April of 2009 to July of 2013 before finally becoming part of the same publishing company that employed Jennifer Lee for 8 years, Random House Publishing. Author Solutions, Inc. acquired Trafford publishing in 2009, and Penguin Group, which eventually merged with Random House Publishing in 2013, then acquired Author Solutions, Inc. Jennifer Lee worked for Random House Publishing from1992 until about 2001.

37. Lee's history with Random House Publishing, as well as the fact that *New Fairy Tales* has BEEN available for sale through websites such as Amazon beginning since 2007, gave Lee reasonable opportunities to observe *New Fairy Tale* and *The Snow Princess* before she began screen writing *FROZEN* in 2012.

38. Regardless of whether Plaintiff proves that Defendants had access to *New Fairy Tales*, the book is so substantially similar to *FROZEN* that Defendants' access to *New Fairy Tales* should be presumed.

### COUNT II-CONTRIBUTORY COPYRIGHT INFRINGEMENT (17 U.S.C.A. § 501)

39. Plaintiff incorporates by reference paragraphs 1 through 38, and re-alleges them here as though fully set forth herein. .

40. Defendants knew or had reason to know of the infringement of Plaintiff's copyrighted book, *New Fairy Tales*, specifically, *The Snow Princess*. By producing and releasing *FROZEN*, and in addition to directly organizing and effectuating such infringing activities, Defendants each also induced, caused, and materially contributed to infringing conduct both by each other and by third parties.

41. Defendants undertook these actions both individually and jointly, and conspired and acted in concert with one another to accomplish the production and release of *FROZEN*, which they knew would violate and infringe Plaintiff's copyrights to *New Fairy Tales*.

42. Defendants' infringing activities, as set in this complaint, were deliberate, intentional, malicious and willful.

43. All Defendants, in addition to their liability for direct infringement of Plaintiff's copyrights, are jointly and severally liable for contributory infringement of Plaintiff's copyrights to *New Fairy Tales*.

44. Defendants' actions have caused and will continue to cause irreparable damage to Plaintiff, for which Plaintiff has no remedy at law. Unless Defendants are restrained by this court from continuing their infringement of Plaintiff's copyrights to *New Fairy Tales*, these injuries will continue to occur in the future. Plaintiff is accordingly entitled to injunctive relief restraining Defendants from further infringement.

## COUNT III-VICARIOUS COPYRIGHYT INFRINGEMENT (17 U.S.C.A. § 501)

45. Plaintiff incorporates by reference paragraphs 1 through 44, and re-alleges them here as though fully set forth herein. .

46.  In addition to committing the direct and contributory acts of infringement in producing and releasing *FROZEN*, Defendants supervised and facilitated the production and release of *FROZEN*, and had the right and ability to control it. Further, Defendants had a direct financial interest in, and stood to gain a direct financial benefit from, the deliberate, malicious infringing activities.

47. As a result of Defendants' willful and deliberate conduct set forth above, Plaintiff has been, and will continue to be, damaged.

48. Defendants, in addition to their liability for direct and contributory infringement of Plaintiff's copyrights, are jointly and severally liable for vicarious infringement of Plaintiff's copyrights to *New Fairy Tales*.

## COUNT IV-DECLARATORY JUDGMENT

49. Plaintiff incorporates by reference paragraphs 1 through 48, and re-alleges them here as though fully set forth herein.

50. An actual controversy has arisen and now exists relating to the rights and duties of Plaintiff and Defendants under U.S. copyright laws in that Plaintiff contends that

Defendants' use, reproduction, marketing, sale, and distribution *of FROZEN,* the *FROZEN* teaser trailer, and other trailers affiliated with *FROZEN* infringe upon Plaintiff's exclusive copyrights in *New Fairy Tales.* Upon information and belief, Plaintiff alleges that Defendants contend that their use, reproduction, marketing, sale, and distribution of *FROZEN,* the *FROZEN* teaser trailer, and other trailers affiliated with *FROZEN* are lawful.

51. A judicial declaration is necessary and appropriate at this time under the circumstances presented in order that the parties may ascertain their respective rights.

52. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and 2202, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff is entitled to a judicial determination of her rights and a judicial declaration that Defendants' use, reproduction, marketing, sale, and distribution of *FROZEN,* the *FROZEN* teaser trailer, and other trailers affiliated with *FROZEN* infringe upon Plaintiff's exclusive rights in *New Fairy Tales* in violation of the U.S. copyright laws.

### ***PRAYER FOR RELIEF***

53. *WHEREFORE*, Plaintiff prays for judgment against Defendants as follows:

54. That Defendants be adjudged to have infringed upon Plaintiff's copyrights in *New Fairy Tales,* in violation of 17 U.S.C §§ and 501;

55. That Defendants be required to account to Plaintiff for any and all profits derived by their exploitation of *New Fairy Tales* in all media, from all sources, worldwide;

56. That Defendants be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendants' infringement of such copyrights, and to account for all gains, profits, and advantages derived by defendants through their respective infringements of

plaintiff's copyrights together with appropriate interest on such damages, as the court deems proper within the provisions of the copyright statutes.

57. Plaintiff be awarded any profits derived by Defendants as a result of said acts, or as determined by said accounting, or in the alternative, statutory damages, pursuant to 17 U.S.C §§ and 504;

58. For a judicial declaration that Defendants' use, reproduction, marketing, sale, and distribution of *FROZEN*, the *FROZEN* teaser trailer, and other trailers and productions affiliated with *FROZEN other* infringe upon Plaintiff's exclusive rights in *New Fairy Tales* under the copyright laws;

59. That Plaintiff be awarded her costs, attorneys' fees, and expenses in this action pursuant to 17 U.S.C §§ and 505;

60. That Plaintiff be awarded pre-judgment interest; and

61. That Plaintiff have such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

**Advanta Law, PLC**
　/s/ Mohamed J. Zaher
By: Steven D. Richter (P64117)
By: Mohamed J. Zaher (P52020)
*Attorneys for Plaintiff*
24300 Southfield, Rd., Suite 210
Southfield, MI 48075
(248) 281-6299
zaherlaw@yahoo.com

**Dated:** April 13, 2015

13

## *DEMAND FOR JURY TRIAL*

Plaintiffs demand a trial by jury:

        **Advanta Law, PLC**
        ___/s/__Mohamed J. Zaher____
        By: Steven D. Richter (P64117)
        By: Mohamed J. Zaher (P52020)
        *Attorneys for Plaintiff*
        24300 Southfield, Rd., Suite 210
        Southfield, MI 48075
        (248) 281-6299
        zaherlaw@yahoo.com

**Dated:** April 13, 2015